UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| JAMES JACKSON, | : | CASE NO. 1:18-cv-298 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 16] |
| WARDEN BRIGHAM SLOAN, *et al.*, | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff James Jackson, a *pro se* Ohio prisoner, brings Eighth Amendment claims under 42 U.S.C. § 1983 and state law tort claims against Defendants Warden Brigham Sloan and Correctional Officer Barnes.[1] On July 16, 2018, Defendants moved for summary judgment.[2] On August 24, 2018, Plaintiff Jackson untimely opposed the summary judgment motion.[3]

The Court **GRANTS** Defendants' motion for summary judgment as to the Eighth Amendment § 1983 claims, and **REMANDS** the remaining claims to state court.

### I. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A court views the facts and all reasonable factual inferences in favor of the nonmoving party.[5] If the movant satisfies his or her initial burden, the burden shifts to the nonmovant to set forth specific facts showing a triable issue.[6]

---

[1] Doc. 1-1.
[2] Doc. 16. Plaintiff Jackson untimely responds. Doc. 17. Defendants reply. Doc. 18.
[3] Doc. 17.
[4] Fed. R. Civ. P. 56(a).
[5] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[6] *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When a motion for summary judgment goes unopposed, a reviewing court is not required to conduct its own probing investigation of the record, and may properly rely on the facts advanced by the movant.[7] The court, however, must "intelligently and carefully review the legitimacy of such an unresponded-to motion" to determine whether the movant has sustained her initial burden.[8] The context of designated evidence "may challenge or defeat [an] assertion advanced by the movant, and reasonable inferences must be considered if apparent from the designated evidence and favorable to the nonmoving party."[9]

## II. Discussion

### A. The Court Strikes Plaintiff Jackson's Response to Defendants' Summary Judgment Motion

Defendants argue that Plaintiff Jackson has waived or abandoned any argument against summary judgment by failing to timely oppose their motion.[10]

The Case Management Plan established July 30, 2018 as the cutoff for filing responses to dispositive motions.[11] Defendants timely moved for summary judgment. Plaintiff's July 30 opposition deadline came and went; Plaintiff Jackson did not oppose Defendants' motion. Jackson eventually opposed the motion on August 24, with an affidavit from inmate eyewitness Leroy Thompson. But the response was over three weeks late.

If a party misses a dispositive motion deadline, a court should grant an after-the-fact request for an extension of the deadline "only if [the party's] failure to act resulted from excusable neglect."[12] Here, Jackson did not acknowledge that the response was untimely, let alone request an extension due to excusable neglect.[13] The Court therefore strikes as untimely Plaintiff Jackson's

---

[7] *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 404–05 (6th Cir. 1992).
[8] *Id.* at 407.
[9] *Id.*
[10] Doc. 18 at 2–4.
[11] Doc. 14.
[12] *Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 266 (6th Cir. 2009) (citing Fed. R. Civ. P. 6(b)(1)(B)) (using the excusable neglect standard to determine whether to grant a request for an extension of a response deadline after the deadline had passed).
[13] *See id.* (citing Fed. R. Civ. P. 6(b)(1)(B)).

response and the accompanying affidavit.

Also, the late-filed memorandum and affidavit gives no evidence sufficient to impact this Court's grant of summary judgment.[14] The affidavit would not change the grant of summary judgment.

### B. The Court Grants Defendants' Motion for Summary Judgment on the Eighth Amendment § 1983 Claims

Defendants moved unopposed for summary judgment on all of Plaintiff Jackson's claims. The Court first considers whether Defendants have sustained their burden of showing that they are entitled to judgment as a matter of law on the Eighth Amendment excessive force and denial of medical treatment § 1983 claims.

Under *Celotex Corporation v. Catrett*,[15] "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied."[16] After Defendants moved for summary judgment on the Eighth Amendment claims, "the nonmoving party bears the 'burden of producing in turn evidence which would support a jury verdict.'"[17] The only evidence that Jackson has provided is the verified complaint. Because the complaint is verified, it is treated like an affidavit for purposes of summary judgment.[18]

#### 1. Eighth Amendment Excessive Force Claim Against Officer Barnes

Plaintiff Jackson alleges that Officer Barnes intentionally slammed the "crash gate" onto his

---

[14] Thompson's affidavit gives no significant evidence. In the affidavit, Thompson testifies:

I witness James walking from the dayroom when c/o Richard Barnes slammed the crash-gage on James. James asked c/o Barnes "why he did that?" Barnes replied, "Yea, I did that and I'll do it again."

Doc. 17-1.

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

[16] *Id.* at 323.

[17] *Marie v. Am. Red Cross*, 771 F.3d 344, 351 (6th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

[18] *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

arm. He asserts that this use of force establishes an Eighth Amendment excessive force violation under § 1983, an assault and battery claim, and a negligence claim.

To prove an Eighth Amendment excessive force § 1983 claim, a plaintiff must show that force was used "maliciously and sadistically to cause harm," rather than used "in a good-faith effort to maintain or restore discipline."[19] The Eighth Amendment's protections, however, do not extend to *de minimis* injuries.[20]

Plaintiff Jackson's verified complaint—the only evidence offered in opposition to the Eighth Amendment claim—gives only minimal evidence. And no evidence of sadistic conduct.

Plaintiff's evidence of the event is limited to what Jackson's allegations say:

> 7. On or about November 6, 2017, about 11:00pm Plaintiff was entering the dorm sleeping area hold.two cups when defendant Barnes intentionally slammed the crash-gate on plaintiff's right upper arm causing the plaintiff to spill the one cup of 190 hot water on his right foot.
>
> 19. Plaintiff contends that while defendant Barnes was on duty working as an correctional officer at Lake Erie Correctional Institution he failed to use reasonable care towards the plaintiff by slamming the crash-gate on his right upper arm area.
>
> 20. To the best of the Plaintiff's knowledge and belief, no reason has been given by Defendant Barnes as to why he maliciously slammed the crash-gate on the Plaintiff's right arm.[21]

Defendant Barnes disputes Jackson's generalized evidence that the crash-gate struck Jackson's upper arm. Barnes describes the crash gate as "lightweight and easily moved."[22] He testifies that crash-gate did not strike Jackson.[23]

---

[19] *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).
[20] *See id.* at 37–38.
[21] Doc. 1-1 ¶¶ 7, 19, 20.
[22] Doc. 16-2 ¶ 11.
[23] Barnes testifies that:

> At the end of the evening, the inmates are ordered to leave the dayroom and proceed to their bunks. . . . On November 6, 2017, I announced the dayroom was closing and ordered all inmates into the bunk room in order to secure the bunkroom. Inmate Jackson was not obeying orders and was not promptly leaving the dayroom in order that I could secure the crash gate. I began to start to close the door as inmates were proceeding through. Inmate Jackson began charging toward the door as it was being closed. Upon seeing Inmate Jackson move toward the door, I attempted to stop the door from

Case No. 1:18-cv-298
Gwin, J.

Defendants argue that Jackson's evidence is insufficient to establish a legally cognizable injury or that Officer Barnes acted with a malicious or sadistic state of mind when striking Jackson.[24]

There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."[25] *Celotex* teaches that the moving party need not show the absence of a genuine issue of material fact. If a moving party points to an absence of evidence needed to support a claim, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[26]

The Court finds that Plaintiff fails to show evidence establishing an essential element of Jackson's Eighth Amendment claim. At best, Jackson suffered no more than a *de minimis* injury.

Jackson gives almost no evidence of injury. Jackson's verified complaint alleges: "On November 8th, 2017, Plaintiff [went] to the medical department for an examination of the reported incident <u>at which time Plaintiff right upper arm was swollen and bruised</u> by the contusion made by defendant Barnes intentionally pushing the crash-gate onto his right arm."[27]

In response, Defendants offer the contemporaneous nurse notes created at the time Jackson went to the medical department. In those notes, the examining nurse described Plaintiff Jackson's arm condition at the time Jackson visited the medical department:

> Patient has equal strength in both arms, no bruising, swelling or deformity appreciated. Full Range of motion in both upper extremities. respirations equal and unlabored, steady gait, neurologically Intact. vital signs stable.[28]

---

closing. . . . Inmate Jackson went through the door without the door striking him. Inmate Jackson did not state the door hit him and made no complaints of injury.

Doc. 16-2 at 2–3.

[24] Doc. 16 at 4–5.
[25] *Celotex*, 477 U.S. at 323.
[26] *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).
[27] Doc. 1-1 ¶ 10 (emphasis added).
[28] Doc. 16-3 at 5.

Case No. 1:18-cv-298
Gwin, J.

In considering Eighth Amendment excessive force claims, courts consider the objective severity of the inmate's injury and the subjective culpability of the official. For the objective element, we consider whether the official's conduct was "harmful enough" to implicate the Eighth Amendment.[29] The objective requirement has a threshold, even if it is a low threshold.[30] Prisoners need not prove that he or she has sustained significant injury. Nevertheless, merely pushing an inmate into a wall has been insufficient where there was no injury.[31]

In *Hudson v. McMillian*[32] and *Wilkins v. Gaddy*,[33] the Court clarified that significant injury is not required to make out an Eighth Amendment claim. Instead, "[t]he core judicial inquiry . . . was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[34]

In *Hudson*, the Supreme Court held that the Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force provided that the use of force is not of a sort repugnant to the conscience of mankind."[35] The *Wilkins* Court explained:

> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson*, not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that <u>the use of force is not of a sort repugnant to the conscience of mankind</u>. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.[36]

The Court also need consider the subjective Eighth Amendment element. The question

---

[29] *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008).
[30] *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.").
[31] *See Hanson v. Madison County Detention Center,* 736 F. App'x 521, 530–32 (6th Cir. 2018).
[32] *Hudson v. McMillian,* 503 U.S. 1 (1992).
[33] *Wilkins v. Gaddy,* 559 U.S. 34 (2010)
[34] *Id.* at 37 (internal quotation marks omitted).
[35] 503 U.S. at 9–10 (internal quotation marks omitted).
[36] 559 U.S. at 37–38 (quotations marks and citations omitted) (emphasis added).

Case No. 1:18-cv-298
Gwin, J.

inquiry shifts "from the extent of [an inmate's] injury to the nature of the force—specifically, whether it was nontrivial and was applied . . . maliciously and sadistically to cause harm."[37]

Here, Plaintiff Jackson gives some evidence that Officer Barnes either allowed or caused a lightweight crash gate to strike Jackson's arm. The examining nurse saw no injury and no bruising. The Officer caused or allowed this claimed gate striking after Jackson delayed responding to Officer Barnes' order to return to Jackson's dormitory area.

Against these circumstances, Jackson fails to show sufficient subjective component to maintain an Eighth Amendment excess force claim.[38]

### 2. Eighth Amendment Denial-of-Medical-Treatment Claim against Officer Barnes

Plaintiff Jackson alleges that Defendant Officer Barnes neglected his medical needs after Officer Barnes slammed the crash gate on his arm. Jackson claims that this neglect establishes an Eighth Amendment denial-of-medical-treatment violation and a negligence claim.

To prove an Eighth Amendment denial-of-medical-treatment § 1983 claim, a plaintiff must show that the defendant was deliberately indifferent to his medical needs.[39] To meet this standard, the plaintiff must show that the medical need was "sufficiently serious," and that the defendant was aware of a risk of serious harm to the plaintiff and disregarded that risk.[40]

Defendants argue that Jackson's evidence is insufficient to establish that Jackson's medical needs were sufficiently serious at the time of the gate incident or that Officer Barnes was subjectively aware of Jackson's medical needs and disregarded them.[41]

The Court agrees. Viewing all facts and factual inferences in Jackson's favor, the evidence does not show that Jackson's medical needs were "sufficiently serious," in that they were "so

---

[37] *Id.* at 37 (quoting *Hudson,* 503 U.S. at 7).
[38] *Shreve v. Franklin County,* 743 F.3d 126, 135 (6th Cir. 2014) (subjective element not satisfied when officers tasered inmate after unsuccessful attempts to handcuff inmate in for purposes of medical treatment)
[39] *Jarriett v. Wilson,* 162 F. App'x 394, 402 (6th Cir. 2005).
[40] *See Comstock v. McCrary,* 273 F.3d 693, 702–03 (6th Cir. 2001).
[41] Doc. 16 at 7–9.

obvious that even a lay person would easily recognize the necessity for a doctor's attention."[42] Jackson only claims some swelling and bruising on his upper arm.[43]

The evidence also does not show that Officer Barnes was actually aware of Jackson's need for medical treatment. Plaintiff Jackson did not specifically ask Officer Barnes for medical treatment.[44] And he does not provide other circumstantial evidence of Officer Barnes' awareness of the need. Again, Jackson's best evidence—evidence not supported by the nurse who examined Jackson—only shows some swelling and bruising on Jackson's arm, and not until days after the incident.[45]

### 3. Eighth Amendment Supervisory Liability Claims Against Defendant Sloan

Plaintiff Jackson also brings the Eighth Amendment use-of-force and denial-of-medical-treatment § 1983 claims against Defendant Warden Sloan under a supervisory liability theory. To prove supervisory liability, a plaintiff must show that the supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct.[46] "The acts of [a supervisor's] subordinates are not enough, nor can supervisory liability be based upon the mere failure to act."[47]

Defendants have sustained their burden for both Eighth Amendment § 1983 claims. Plaintiff Jackson asserts that Warden Sloan did not take disciplinary action against Officer Barnes, or order an internal investigation.[48] This does not show that Defendant Sloan condoned, encouraged, or knowingly acquiesced in Officer Barnes's alleged misconduct.

The Court concludes that both Defendants Sloan and Barnes are entitled to summary judgment on the Eighth Amendment § 1983 claims.

---

[42] *Jarriett*, 162 F. App'x at 403.
[43] *See* Doc. 1-1 ¶¶ 10, 14.
[44] *See id.* ¶ 8 (asking for the shift captain, as opposed to a doctor or nurse).
[45] *See id.* ¶¶ 10, 14.
[46] *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (citing *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)).
[47] *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) (citing *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002)).
[48] Doc. 1-1 ¶¶ 25–26.

Case No. 1:18-cv-298
Gwin, J.

## C. The Court Declines to Exercise Supplemental Jurisdiction over the Remaining State Law Claims, and Remands the Action to State Court

A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction.[49] "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."[50]

Defendants removed this case from state court. The Court had federal question jurisdiction over Jackson's Eighth Amendment § 1983 claims, and exercised supplemental jurisdiction over the remaining state law claims.

Because the Court has granted judgment for Defendants on the Eighth Amendment § 1983 claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The Court instead remands these claims to Ashtabula County Court of Common Pleas for resolution.

## Conclusion

For these reasons, the Court **GRANTS** Defendants' unopposed motion for summary judgment as to the Eighth Amendment § 1983 claims. It **REMANDS** the remaining state law claims to the Ashtabula County Court of Common Pleas.

IT IS SO ORDERED.

Dated: October 5, 2018            s/     *James S. Gwin*
                                                                              JAMES S. GWIN
                                                                              UNITED STATES DISTRICT JUDGE

---

[49] 28 U.S.C. § 1367(c)(3).
[50] *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).